**Donald P. MITCHELL, Appellant–Defendant,**

v.

**CITY OF FORT WAYNE, Appellee–Plaintiff.**

No. 02A03–9612–CV–452.

Court of Appeals of Indiana.

Jan. 20, 1998.

---

Alan K. Hofer, Fort Wayne, for Appellant–Defendant.

Trina Glusenkamp Gould, Associate City Attorney, Fort Wayne, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Donald Mitchell appeals from a $500 judgment in favor of the City of Fort Wayne (City) in an action based upon a non-compliance and order to repair. The relevant facts are presented below.

On April 13, 1995, the City of Fort Wayne Department of Neighborhood Code Enforcement issued an order to repair property located at 1617 N. Coliseum Boulevard, Fort Wayne, Indiana, to Conrad J. and Helen Mullins with a copy to Mitchell, the contract purchaser. The order was affirmed via hearing. On May 10, 1996, the City commenced this action by filing a complaint alleging that Mitchell had failed to comply with the affirmative order to repair the property.

A trial was held on August 28, 1996. At the trial, Noble Schlatter, an inspector for the City, testified that the Mullins were the owners of the real estate and Mitchell was the contract purchaser. The City further introduced Exhibit 1 which demonstrated that although the property had been brought 95% up to code, Mitchell was still in non-compliance of the order. Thereafter, the court found in favor of the City and entered judgment accordingly. Mitchell now appeals.

One issue is dispositive on review: whether the trial court was clearly erroneous in concluding that Mitchell had a substantial property interest in the real estate.

IND. CODE § 36–7–9–2 (1993 Ed.) defines "substantial property interest" as follows:

> 'Substantial property interest' means any right in real property that may be affected in a substantial way by actions authorized by this chapter, including a fee interest, a life estate interest, a future interest, a present possessory interest, or an equitable interest of a contract purchaser. In a consolidated city, the interest reflected by a deed, lease, license, mortgage, land sale contract, or lien, is not substantial property interest unless the deed, lease, license, mortgage, land sale contract, lien, or evidence of it is:
>
> (1) recorded in the office of the county recorder; or
>
> (2) the subject of a written information that is received by the division of development services and includes the name and address of the holder of the interest described.

In the present case there is nothing in the record which supports the existence of a recorded document or other written information which shows that Mitchell had a substantial property interest in the real estate located at 1617 N. Coliseum Boulevard, Fort Wayne, Indiana. Hence, the trial court erred in awarding judgment in favor of the City. The judgment of the trial court is reversed.

Reversed.

STATON and FRIEDLANDER, JJ., concur.